womblebonddickinson.com



March 18, 2025

Womble Bond Dickinson (US) LLP

950 Third Avenue
Suite 2400
New York, NY 10022

t: 332.258.8400
f: 332.258.8949

**VIA ECF**

Honorable Louis L. Stanton
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Joseph Patella
Partner
Direct Dial: 332-258-8483
E-mail: Joseph.Patella@wbd-us.com

    Re:  **Paul Philippe of Romania v. Christie's Inc.**
          **Case No. 1:25-cv-01151-LLS**

Dear Judge Stanton:

    Our firm represents Defendant/Interpleader Plaintiff Christie's Inc. ("Christie's") in connection with the above-referenced matter. This responds to the letter filed today by counsel for Plaintiff/Interpleader Defendant Paul Philippe of Romania ("Philippe") requesting a conference with the Court to resolve the parties dispute over whether a Rule 26(f) conference should be immediately conducted at this early juncture, as demanded by Philippe. Christie's opposes this request because additional time should be afforded to the recently named Interpleader Defendants that have yet to appear.

    To be clear, Christie's is not seeking or advocating for a stay of this action, but simply to schedule the Rule 26(f) conference at a time that would maximize efficiencies. Any schedule agreed upon by Philippe and Christie's would need to be revised and a second conference would need to occur to address the respective positions of the other necessary parties. Furthermore, Philippe's recently filed Answer to Christie's Interpleader Complaint fully contemplates a discharge by Christie's, as a disinterested stakeholder. Accordingly, if the conference were to occur now, Philippe would be addressing first-party discovery issues with a party that will eventually be removed from this case.

    Rule 26(f)(1) provides that "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." As a preliminary matter, it is not practicable to proceed without all of the necessary parties. Furthermore, Rule 16(b)(2) states that the "judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." The circumstances of this case will likely create "good cause" for a further delay. In any event, based on the timeframes provided under these rules and the date

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.wombledickinson.com/us/legal-notice for further details.



Philippe filed his Answer to the Interpleader Complaint, the earliest possible deadline for conducting a Rule 26(f) Conference is April 15th. For the reasons stated above, Christie's does not subscribe to this timeline and is providing it simply to demonstrate that, even accepting Philippe's position that a conference should proceed without the other necessary parties (which Christie's does not accept), his request is premature.

      Lastly, Philippe has demonstrated no compelling need for a conference at this time. As the Court is aware, Christie's has agreed to maintain possession of the painting at issue in this case through and including the Show Cause Hearing scheduled for July 1, 2025, with the existing temporary restraining order remaining in place during this time. Furthermore, Philippe has set forth no legitimate basis for seeking immediate third-party discovery. While his counsel argues that information in the possession of one particular third-party is relevant, no showing is made that such information is in danger of being lost or otherwise unavailable. In his letter, counsel urges that the information "should be preserved now through third-party discovery." Counsel can accomplish that objective by simply serving a preservation/non-spoliation letter to any and all appropriate third-parties.

      Rule 26(d)(1) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." For the reasons states above, Christie's does not agree that a Rule 26(f) conference is appropriate at this time; any discovery involving the parties named in this action is premature. However, if the Court deems that limited third-party discovery is necessary, Christie's does not take a position on that issue, though without knowing the specific scope of Philippe's requests, Christie's cannot consent to such actions.

      We thank the Court for its consideration.

Respectfully submitted,

Joseph A. Patella

cc:    All Counsel of Record