# THE GRIFFITH FIRM

77 SANDS STREET
BROOKLYN, NEW YORK 11201
(646) 645-3784

MOBILE: (646) 645-3784    TELECOPIER: (718) 228-3777
EMAIL: EG@THEGRIFFITHFIRM.COM    URL: HTTP://WWW.THEGRIFFITHFIRM.COM

March 18, 2025

**VIA ECF**

Hon. Louis L. Stanton
United States District Judge for
 the Southern District of New York
United States Courthouse
500 Pearl Street, Courtroom 21C
New York, New York 10007

  Re: *Paul Philippe of Romania, on behalf of the Estate of King Carol II of Romania  v. Christie's, Inc*., 1:25-cv-1151-LLS

Dear Judge Stanton:

  This letter responds to Christie's letter [ECF 32] opposing a conference to resolve the dispute over whether Paul Philippe should be permitted to serve third-party discovery requests relevant to the competing ownership claims over *Saint Sébastien*, the painting subject to the Court's temporary restraining order and the Interpleader stake subject to Christie's Counterclaim/Third Party Claim.

  Christie's mistakenly asserts that allowing Paul Philippe to serve third-party discovery subpoenas "is not practicable without all of the necessary parties." In fact, the general rule is that discovery begins "as soon as practicable" once the initial parties to an action have appeared, and it is not stayed pending the appearance of third-party defendants. Christie's Interpleader is no exception. The third-party discovery Paul Philippe intends to serve will seek information relevant to the provenance of *Saint Sébastien* and hence to the ownership claims to that painting *asserted by anyone*. The results of such discovery will not prejudice anyone; on the contrary, it will assist all parties and the Court resolve the competing ownership claims.

  Christie's is also mistaken that a "preservation/non-spoliation letter" is adequate to preserve relevant information in the possession of third parties. Such letters do not mandate compliance, especially where, as here, this Court may not have jurisdiction to impose or enforce any sanctions for noncompliance with a private letter. In contrast, a subpoena constitutes a court order for which this Court has the authority to enforce and sanction noncompliance. And while Paul Philippe does not have specific evidence of the risk of non-preservation, the passing of decades since the last known sale of the painting in New York and evidence that the parties involved in that sale were aware that the painting was stolen raise the possibility that relevant

THE GRIFFITH FIRM

Hon. Louis L. Stanton
March 18, 2025
Page 2

information will not be preserved. Since there is no disadvantage of serving subpoenas now to mitigate that risk, the Court should allow Paul Philippe to do so.

Of course, the scope and duration of discovery will need to be adjusted when Access Delight and Romania appear in this action and have answered the Interpleader. But waiting to issue a final discovery plan is neither inefficient nor a reason to preclude Paul Philippe from proceeding with third-party discovery now, especially since such third-party discovery will benefit all claimants to *Saint Sébastien.*

Finally, Christie's correctly observes that Paul Philippe's Answer to the Interpleader contemplates that Christie's will be discharged as a disinterested stakeholder. Christie's correspondence with Access Delight and Romania constitute relevant information, however, which Christie's has refused to voluntarily produce prior to discovery. That information should be produced, either pursuant to a subpoena upon Christie's discharge or a Rule 34 document request prior to discharge. And there is no reason to delay the production of that information.

Thank you for considering these points.

Sincerely,

Edward Griffith

EG:gb
cc:   Joseph A. Patella, Esq.
      Daniel J. Kornstein, Esq.